CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

APR 16 2018

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| BRANDON EDWARD MOORE,<br>    Plaintiff, | Civil Action No. 7:18-cv-00094 |
| v. | **MEMORANDUM OPINION** |
| SOUTHWEST REGIONAL JAIL, et al.,<br>    Defendants. | By:  Hon. Michael F. Urbanski<br>       Chief United States District Judge |

Brandon Edward Moore, a Virginia inmate proceeding pro se, filed a complaint pursuant to 42 U.S.C. § 1983 naming the Southwest Regional Jail and the Virginia Department of Corrections ("VDOC") as defendants. Plaintiff complains in part that the VDOC has not told him his release date.[1] This matter is before the court for screening pursuant to 28 U.S.C. § 1915A.

The court must dismiss the complaint because neither defendant is amenable to suit via § 1983, and thus, the complaint fails to state a claim upon which relief may be granted. See, e.g., Will v. Michigan Dep't of State Police, 491 U.S. 58, 70-71 (1989); West v. Atkins, 487 U.S. 42, 48 (1988); Preval v. Reno, 57 F. Supp. 2d 307, 310 (E.D. Va. 1999) ("[T]he Piedmont Regional Jail is not a "person," and therefore not amenable to suit under 42 U.S.C. § 1983."), aff'd in part and rev'd in part, 203 F.3d 821 (4th Cir. 2000), reported in full-text format at 2000 U.S. App. LEXIS 465, at *3, 2000 WL 20591, at *1 ("The court also properly determined that the Piedmont Regional Jail is not a 'person' and is therefore not amenable to suit under § 1983[.]").

To the extent Plaintiff may be able to name a "person" subject to suit via § 1983, Plaintiff is granted ten days to file a motion to amend the complaint that states a claim upon which relief

---

[1] As of the date of this Opinion, the VDOC's public webpage notes that Plaintiff's expected release date is August 8, 2018.

may be granted against a person acting under color of state law. See, e.g., Gordon v. Leeke, 574 F.2d 1147, 1152 (4th Cir. 1978). Plaintiff may find it preferable to take longer than ten days to consult legal resources, think about his allegations, and file a new complaint in a new and separate action. If Plaintiff chooses not to file the motion within ten days, the case will be closed without prejudice, and Plaintiff would not be prejudiced because he is allowed to file a complaint in a new and separate action at the time of his choice subject to the applicable limitations period. See, e.g., Owens v. Okure, 488 U.S. 235, 249-50 (1989); Va. Code § 8.01-243(A); see also Ryan v. Gonzales, 133 S. Ct. 696, 708 (2013) (noting district court's discretion to manage its own dockets).

If Plaintiff instead rushes and chooses to seek an amendment in this case, he should know that the court may dismiss the amended complaint <u>with</u> prejudice as frivolous or for failing to state a claim upon which relief may be granted and assess a "strike." Plaintiff should understand that he is allowed only three "strikes" from both complaints in district courts and appeals in courts of appeals before he is no longer allowed to proceed in forma pauperis without prepaying the $400 filing fee absent certain conditions. Congress created this "three-strikes" rule as an economic incentive for prisoners to "stop and think" before filing a complaint. See, e.g., Rogers v. Bluhm, No. 1:07cv1177, 2007 U.S. Dist. LEXIS 91646, at *2, 2007 WL 440187, at *1 (W.D. Mich. Dec. 13, 2007).

ENTER: This 16th day of April, 2018.

/s/ Michael F. Urbanski
Chief United States District Judge

2